MATTER OF OLIVEIRA

In Deportation Proceedings

A-14678566

*Decided by Board March 6, 1970*

In a finding of deportability under section 241(c) of the Immigration and Nationality Act, the *Woodby* burden of proof is met by clear, unequivocal and convincing evidence that the alien's marriage took place less than 2 years prior to his entry, and that the marriage was judicially terminated within 2 years after entry.

CHARGE:

Order: Act of 1952—Sections 241 (a) (2) and 241 (c) [8 U.S.C. 1251 (a) (2) and 1251 (c) ]—Entered with visa procured through marriage fraud.

ON BEHALF OF RESPONDENT:
Arlin W. Hargreaves, Esquire
30 Hotaling Place
San Francisco, California 94111

Robert S. Bixby, Esquire
(Brief filed)

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

Stephen M. Suffin
Trial Attorney
(Brief filed)

The case comes forward on appeal from the decision of the special inquiry officer who found respondent deportable as charged and ordered that he be deported to Portugal. There was no request for voluntary departure.

The respondent is a 32-year-old divorced male alien, a native and citizen of Portugal, who entered the United States at New York on February 27, 1965, being then admitted as a nonquota immigrant upon presentation of an immigrant visa issued to him as the spouse of a United States citizen. His marriage, which took place at Lisbon, Portugal on December 18, 1964, was to one Rose Marie Vasquez, a native born citizen of the United States. Both testified that the marriage was consummated and that the day following the wedding she returned to the United States. Respondent followed ten weeks later. They never lived together in

the United States. The marriage was terminated by divorce on October 7, 1966.

The special inquiry officer found respondent deportable under sections 241(a)(2) and 241(c) of the Act as one who entered the United States with a visa procured through a marriage fraud. The applicable portion of section 241(c) is as follows:

An alien shall be deported as having procured a visa or other documentation by fraud within the meaning of paragraph (19) of section 212(a), and to be in the United States in violation of this Act within the meaning of subsection (a)(2) of this section, if (1) hereafter he or she obtains any entry into the United States with an immigrant visa or other documentation procured on the basis of a marriage entered into less than two years prior to such entry of the alien and which, within two years subsequent to any entry of the alien into the United States, shall be judicially annulled or terminated, *unless such alien shall establish to the satisfaction of the Attorney General that such marriage was not contracted for the purpose of evading any provisions of the immigration laws.* (Emphasis supplied.)

An initial question was raised by counsel as to what standard of proof must be met by the Service in finding respondent deportable under section 241(c) of the Act. Counsel argues that the standard enunciated by the Supreme Court in the case of *Woodby* v. *INS*, 385 U.S. 276 (1966) (where deportation was predicated on section 241(a)(2) of the Act), that no deportation order may be entered unless it is found by clear, unequivocal and convincing evidence that the facts supporting deportation are true, is equally applicable to the deportation proceedings in the instant case under section 241(c).[1] With this we agree.

The Government in the case before us has met its burden of proof by showing by clear, unequivocal and convincing evidence that: (1) respondent's marriage took place less than two years prior to his entry, and, (2) the marriage was judicially terminated within two years after entry. This being the case, the respondent then has the burden under section 241(c) of coming forward with evidence sufficient to rebut the statutory presumption of said section that the visa was procured by fraud, by proving to the satisfaction of the Attorney General by a preponderance of evidence that the marriage was not entered into for the purpose of evading the immigration laws.

The special inquiry officer has set forth in his opinion an exhaustive, chronological statement of the facts relative to respond-

---

[1] Following the *Woodby* case, 8 CFR 242.14(a) was promulgated, which is as follows:

"A determination of deportability shall not be valid unless it is found by clear, unequivocal and convincing evidence that the facts alleged as grounds for deportation are true."

ent's marriage, and he concluded that respondent had failed to show by a preponderance of the evidence that the marriage was not entered into in order to evade the immigration laws. We reach the same conclusion. We do not deem it necessary to again detail all of the facts and circumstances surrounding this marriage, but state that we are in full agreement with the excellent analysis by the special inquiry officer that clearly shows that the respondent has failed to establish that the marriage was not for the purpose of evading the immigration laws.

Accordingly, we will dismiss the appeal.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.