## MATTER OF NETO/DOMINGOS

### In Deportation Proceedings

### A–31192232

### Decided by Board May 22, 1975

When deportation is sought under the charge of violation of section 241(a)(2) and 241(c) of the Immigration and Nationality Act, based on the existence of fraud at the time the marriage was contracted, the Service is entitled to the presumption of fraud when the marriage entered into less than two years prior to entry was terminated by divorce less than two years after entry. However, that presumption is overcome when the respondent establishes that there was in fact a valid marriage not entered into for immigration purposes, even though at the time of obtaining his visa there was no subsisting marriage. The respondent's appeal is sustained and the proceedings terminated.

CHARGE:

Order: Act of 1952—Section 241(a)(2) and 241(c)(1251(a)(2) and 1251(c))—In the United States in violation of law—obtained visa by fraud based on marriage entered into less than two years.

ON BEHALF OF RESPONDENT:  John E. Bassett, Esquire
12402 A West Dixie Highway
N. Miami, Florida 33161

In a decision dated April 18, 1974, the immigration judge found the respondent deportable under section 241(c)(1) of the Immigration and Nationality Act and ordered him deported to Brazil. The respondent has appealed from that decision. The appeal will be sustained, and the proceedings will be terminated.

The alien respondent is a native and a citizen of Brazil. He was admitted to the United States for permanent residence on April 4, 1973, with a visa issued on the basis of his classification as the immediate relative spouse of a United States citizen.

In order to establish deportability under section 241(c)(1) of the Act, the Service must show by clear, convincing, and unequivocal evidence that (1) the respondent's marriage took place less than two years prior to his entry into the United States, and (2) the marriage was judicially terminated within two years after entry. If the Service establishes the foregoing, it is entitled to the statutory presumption that the visa was procured by fraud. The burden under section 241(c)(1) then shifts to the

respondent to establish by a preponderance of the evidence that the marriage was not entered into for the purpose of evading the immigration laws. *Matter of Oliveira,* 13 I. & N. Dec. 503 (BIA 1970).

The evidence shows that the respondent married a United States citizen, a fellow hotel employee whom he had known for about six months, in February 1972. They lived together as husband and wife and worked together at various hotels; the respondent worked as a waiter, and his wife as a waitress and in the office. Various marital disagreements arose, evidently stemming from the respondent's domineering nature and his belief that his wife was going out with other men. In October 1972, the respondent's wife abandoned him after informing him that she did not wish to live with him any longer. Thereafter, the respondent became friendly with Elsa Patricia Garaycochea. In October 1973, the respondent obtained a divorce from his United States citizen wife in New York on the ground of abandonment. He married Elsa Patricia Garaycochea in November 1973.

The Service has established that it is entitled to the presumption of fraud contained in section 241(c)(1). However, we find that the respondent has sustained his burden of establishing by a preponderance of the evidence that his marriage to a United States citizen was not entered into for the purpose of evading any provision of the immigration laws. Consequently, the respondent's deportability under section 241(c)(1) has not been established, and the proceedings will be terminated.

The Service devoted a large portion of its case to attempting to show that there was no *subsisting* marriage between the respondent and his citizen wife at the time he obtained his immigrant visa. Nevertheless, we do not believe that this fact is determinative when a charge related to a marriage *contracted* (entered into) for the purpose of evading the immigration laws is brought under section 241(c)(1) of the Act. See *Matter of Oliveira,* supra; *Matter of T—,* 7 I. & N. Dec. 417 (BIA 1957); *Matter of V—,* 7 I. & N. Dec. 460 (BIA 1957).

The immigration judge's decision was incorrect. The appeal will be sustained, and the proceedings will be terminated.

ORDER: The appeal is sustained, and the proceedings are terminated.

Warren R. Torrington, Board Member, dissenting without opinion, would remand the matter to the immigration judge to enable the Service to lodge a proper charge.